UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| In re: § | |
| § | **Case No. 12-10472** |
| **COLONIAL GOLF AND COUNTRY CLUB, INC.** § | |
| § | **Section "A"** |
| Debtor. § | |
| § | **Chapter 11** |

# FINDINGS OF FACT AND CONCLUSIONS OF LAW SUPPORTING THE GRANTING OF ORDER AUTHORIZING SALE OF THE DEBTOR'S ASSETS PURSUANT TO BANKRUPTCY CODE § 363

This matter came before the Court on July 11, 2012, on the motion of the Debtor filed May 9, 2012 (the "Motion") (**P-50**) seeking, *inter alia*, Orders: (A) Authorizing Sale of the Debtor's Assets Pursuant to Bankruptcy Code § 363; and (B) Approving Sale Procedures, Form of Notice for Sale, and Scheduling Final Sale Hearing, in connection with the Debtor's requested sale of assets as described in the Motion (the "Sale"). Reference is also made herein to the Amended Plan of Reorganization (**P-57**) of Colonial Golf and Country Club, Inc. ("Debtor"), as modified pursuant to the First Immaterial Modifications ("Modifications") (**P-72**), and as modified and filed on July 13, 2012 (**P-77**) (as modified and filed at **P-77**, the "Plan"). Capitalized terms not defined herein shall have the definitions stated in the Plan.

Appearances:

Tristan E. Manthey
Attorney for Colonial Golf and Country Club, Inc.

C. Davin Boldissar
Attorney for JW Colonial Group, L.L.C.

Patrick Johnson, Jr.
Attorney for Colonial Finance, LLC

1

The Court issues the following Findings of Fact and Conclusions of Law ("<u>Findings and Conclusions</u>") in connection with the Motion and Sale, and, pursuant to Rules 7052 and 9014 of the Federal Rules of Bankruptcy Procedure, and in conjunction with the Final Order Authorizing Sale of the Debtor's Assets Pursuant to Bankruptcy Code § 363 ("<u>Final Sale Order</u>") issued contemporaneously with these Findings and Conclusions.

1. Debtor filed a case under chapter 11 of Title 11, United States Code ("<u>Bankruptcy Code</u>") on February 21, 2012.

2. This Court has jurisdiction to hear and determine the Motion pursuant to 28 U.S.C. §§ 157 and 1334. Further, this proceeding is a core proceeding under 28 U.S.C. §§ 157(b)(2)(A), (G) and (N). Venue of this proceeding in this district is proper pursuant to 28 U.S.C. §1409. The statutory predicates for the relief requested herein are §§ 363, and 362 of the United States Bankruptcy Code. The Rules applicable to this proceeding include Federal Rules of Bankruptcy Procedure 2002, 4001, 6004 and 9014.

3. The legal and factual bases set forth in the Motion and the record establish just cause for the relief requested in the Motion, which is in the best interests of the Debtor, its estate, its creditors and the parties in interest.

4. Notice of the hearing on the Motion has been given by the Debtor to all parties to whom notice was required, including (i) the Office of the United States Trustee; (ii) all creditors on the creditor matrix; (iii) all known holders of equity interests in the Debtor; (iv) the Purchaser (defined below); (v) all relevant federal, state, and local regulatory or taxing authorities; and (vi) all known parties asserting interests or liens in the Property (as defined below).

5. The notice procedures approved by this Court through the Court's previous June 5, 2012 Order Approving Sale Procedures, Form of Notice for Sale, and Scheduling Final Sale Hearing in Connection with Sale of Assets of the Debtor (**P-60**) ("Sale Scheduling Order") has been complied with as evidenced by the Certificate of Service filed by the Debtor and entered on the docket of the record of this bankruptcy case (**P-62**), and no additional notice is required.

6. The Debtor conducted the Sale process in accordance with the Sale Scheduling Order. Based upon the record of this proceeding and the evidence adduced at the final hearing on this matter conducted on July 11, 2012 (the "Final Sale Hearing"), all creditors and other parties in interest and any prospective purchasers, if any, have been afforded a reasonable and fair opportunity to do necessary and appropriate due diligence and to bid for the Acquired Assets (defined below).

7. The Debtor is executing a Purchase and Sale Agreement ("Purchase Agreement"), a copy of which is attached as Exhibit "1" to the Final Sale Order, whereby the Debtor has agreed, subject to various conditions, including the express condition that the proposed Sale be approved by this Court, to sell to JW Colonial Group, L.L.C. ("Purchaser") the "Acquired Assets" as defined in the Purchase Agreement, which include all of the Debtor's assets except for certain Excluded Assets (as defined) in the Purchase Agreement and Motion[1], including the Debtor's 88-acre golf course and country club property located in Harahan, Louisiana and described in the legal description attached as Exhibit "2" to the Final Sale Order together with club facilities, buildings and associated equipment and movable property (the "Property"). The Debtor engaged in a series of arms' length negotiations with Purchaser,

---

[1] The "Excluded Assets" are defined as (i) all avoidance actions under Section 541 through 553 of the Bankruptcy Code, or under any similar or related state or federal statute or case or common law; (ii) any and all deposits that constitute property of the Debtor's estate as of February 21, 2012; and (iii) any cash on hand, if any, as of the closing of the Sale.

3

and the terms of the Purchase Agreement were arrived at through a series of arms' length communications, proposed drafts of agreements and negotiations.

8. The Debtor has no connection with Purchaser, and has dealt at arms' length with counsel for Purchaser. The Court finds that both the Debtor and Purchaser have acted in good faith in connection with the Purchase Agreement, and the Sale and Motion.

9. The purchase price under the Purchase Agreement is **Eight Million Five Hundred Thousand Dollars ($8,500,000.00)**, ("Sale Consideration") payable at the closing of the Sale (the "Closing") as follows: (i) $4.5 million in cash to be tendered and to be used to pay a portion of the secured claim (as defined in the Purchase Agreement, the "Colonial Finance Claim") asserted by Colonial Finance, L.L.C. ("Colonial Finance") as set forth in the Plan; (ii) $656,472.16 in additional cash for distribution to other creditors under the Plan; and (iii) the Purchaser's assumption of the remaining balance of the Colonial Finance Claim in the agreed amount of $3,343,527.84 as set forth in the Plan.

10. The Sale Consideration is the highest and best offer the Debtor received for the Acquired Assets and the purchase price constitutes fair consideration and fair value for the Acquired Assets. The sale should be approved and confirmed as the highest and best bid and offer for the Acquired Assets.

11. A sale of the Acquired Assets other than one free and clear of all liens, claims and interests (except those expressly assumed by Purchaser) would yield substantially less value for the Debtor's estate than the Sale. Therefore, the Sale contemplated by the Purchase Agreement is in the best interests of the Debtor, its estate and creditors, and all other parties in interest.

4

12. The Motion complies with section 363(f) of the Bankruptcy Code as follows: The Debtor obtained the consent of Colonial Finance to the Sale of the Acquired Assets to the Purchaser under the terms set forth in the Purchase Agreement, Plan, New Colonial Finance Loan Documents, and Motion. To the extent there are any other lien claims that could arguably affect the Property or Acquired Assets, the holders of such lien claims did not object to the terms of the Motion and/or the Sale, which expressly provides that the Sale is to be free and clear of all liens, claims, and interests. The Debtor may sell the Acquired Assets free and clear of all liens, claims and interests to the extent provided in the Purchase Agreement, Plan, and New Colonial Finace Loan Documents because, with respect to each creditor asserting an interest, one or more of the standards set forth in Bankruptcy Code §363(f)(1)-(5) has been satisfied. Those holders of interests who did not object or who withdrew their objections to the Sale Transaction or the Sale Motion are deemed to have consented to the Sale Motion and Sale Transaction pursuant to Bankruptcy Code § 363(f)(2). The objections of holders of interests fall within one or more of the other subsections of Bankruptcy Code section 363(f), and all those objections are overruled.

13. All objections to the relief requested in the Motion that have not been withdrawn, waived or otherwise resolved are overruled.

14. Neither the Debtor, the Purchaser, nor any other party engaged in any conduct that would cause or permit the Purchase Agreement or the consummation of the Sale to be avoided, or costs or damages to be imposed, under Bankruptcy Code section 363(n). The Sale Consideration to be paid by the Purchaser for the Acquired Assets under the Purchase Agreement, Plan, and New Colonial Loan Documents, and the terms and conditions

thereunder constitute transfers for reasonably equivalent value and fair consideration and thus the Sale may not be avoided under Bankruptcy Code section 363(n).

15. The Sale is in the best interests of the Debtor and its estate, creditors, interest holders and all other parties in interest.

16. Except as otherwise provided in the Purchase Agreement, Plan, and New Colonial Loan Documents, any and all Acquired Assets in the possession or control of any person or entity, including, without limitation, any vendor, supplier, contract counterparty or employee of the Debtor, shall be transferred to the Purchaser free and clear of all Liens, and shall be delivered to the Purchaser at the Closing.

17. These Findings and Conclusions and the Final Sale Order (a) are effective as a determination that, upon the Closing, except as expressly provided in the Final Sale Order, Plan, and New Colonial Loan Documents, all Liens affecting the Acquired Assets prior to Closing have been unconditionally released, discharged and terminated in each case as to the Acquired Assets and (b) will authorize all entities, including, without limitation, all filing agents, filing officers, title agents, title companies, recorders of mortgages, recorders of fees, registrars of deeds, administrative agencies, governmental departments, secretaries of state, federal, state, and local officials, and all other persons and entities, who may be required by operation of law, the duties of their office, or contract, to accept, file, register or otherwise record or release any documents or instruments that reflect that the Purchaser is the purchaser of the Acquired Assets free and clear of all Liens except as expressly provided in the Purchase Agreement, Plan, and New Colonial Loan Documents.

18. The Court further finds that all transactions and instruments contemplated under the terms of the Sale shall be specifically enforceable against and binding upon, and not subject

to rejection or avoidance by the Debtor, creditors of the Debtor or the Debtor's bankruptcy estate, and/or any other parties in interest, and any successors of the Debtor, including but not limited to any subsequent trustee appointed in any subsequent or converted case of the Debtor under Chapter 7 or Chapter 11 of the Bankruptcy Code.

19. In the absence of a stay of the effectiveness of the Final Sale Order, in the event that the Purchaser and the Debtor consummate the transactions contemplated by the Purchase Agreement at any time after entry of the Final Sale Order, then with respect to the transactions approved and authorized by the Final Sale Order, Plan, and New Colonial Finance Loan Documents, the Purchaser, as an arm's-length purchaser in good faith within the meaning of Bankruptcy Code § 363(m), is entitled to all of the protections of Section 363(m) of the Bankruptcy Code in the event the Final Sale Order or any authorization contained in that order is reversed or modified on appeal.

20. The Court has expressly authorized the submission of these Findings and Conclusions, has independently reviewed these Findings and Conclusions and has determined that they should be issued to supplement the oral ruling granting the Motion at the Final Sale Hearing.

21. All transactions and instruments contemplated under the terms of this Order shall be specifically enforceable against and binding upon, and not subject to rejection or avoidance by the Debtor, the Trustee, creditors or the Debtor or the Debtor's bankruptcy estate, and/or any other parties in interest, and any successors of the Debtor including but not limited to any subsequent trustee appointed in any subsequent or converted case of the Debtor under Chapter 7 or Chapter 11 of the Bankruptcy Code.

NO:0101131/00002:155645v7

22. The Court finds and concludes that it should retain jurisdiction to hear and determine all matters arising from or related to the Sale, and the documents executed and delivered in connection with the Sale and the Sale Order.

New Orleans, Louisiana, July 16, 2012.

                                                Hon. Elizabeth W. Magner
                                                U.S. Bankruptcy Judge

NO:0101131/00002:155645v7